IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA GEIST, mother and natural Guardian of Keshana Wilson, a minor, | : : : | CIVIL ACTION |
| Plaintiff, | : : | NO. |
| v. | : : | |
| JASON AMMARY and, CITY OF ALLENTOWN, | : : : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## COMPLAINT

1. The Plaintiff, Victoria Geist, is an adult individual residing at an address of 807 E. Turner Street, Allentown, Lehigh County, PA 18109, and the mother and natural guardian of Keshana Wilson.

2. The Plaintiff's daughter is Keshana Wilson, born August 29, 1997, and is bi-racial, having a white mother and a black father.

3. The Defendant, Jason Ammary, an Allentown Police Officer, and an adult individual with offices at the Allentown Police Department, 425 Hamilton Street, Allentown, PA 18102.

4. The Defendant, City of Allentown, is a municipal corporation organized under the laws of Pennsylvania and with offices at 435 Hamilton Street, Allentown, PA 18102.

5. The Defendants were at all times "state actors."

1

## **JURISDICTION**

6.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343, 42 U.S.C. §1983 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

7.     At all relevant times a Plaintiff was a fourteen (14) year old bi-racial female who was a student at Dieruff High School in Allentown, PA, and was in the company of two females, one clearly white, and the other a blonde, light complexioned Hispanic.

8.     On Thursday, September 29, 2011 at approximately 2:50 P.M., after school let out, was seized from behind, by Defendant, Ammary, who grabbed her from behind and with great force twisted her around.

9.     The Defendant, Ammary physically abused Plaintiff at the scene in the following particulars:

A)     Defendant grabbed Plaintiff, from behind, without identifying himself as a police officer and twisted her around;

B)     Defendant, Ammary didn't touch or seize the Plaintiff's minor's companions who appeared to be white and were walking side by side.

C)     After he turned her around, Defendant violently pushed the minor into the side of the parked vehicle, and used his right forearm to push it into her throat;

D)     While Plaintiff was being choked by the Defendant, Ammary, Defendant walked away from Plaintiff and grabbed taser;

E)     At the sight of the taser/gun, Plaintiff raised her two hands high into the air to indicate surrender to Defendant's custody and said "NO";

F) Defendant intentionally shot the taser, and intentionally selected her pelvic area in order to inflict the maximum amount of pain;

G) When the taser hit her groin, the Plaintiff fell to the ground in intense pain, while the Defendant was berating her for her perceived socio economic status;

H) After falling to the ground in great pain, Plaintiff's minor attempted to lie on her side because two barbs were stuck in her abdomen and pelvic area;

I) The Defendant commanded Plaintiff to lie flat on the ground thereby driving the barbs further into her body increasing the pain;

J) While the Plaintiff was lying on the ground, withering in pain, Defendant handed his handcuffs to a school security guard and ordered him to handcuff her with hands behind her back.

K) The act of handcuffing her, further drove the barbs deeper into her body;

L) While in the ambulance, Defendant, Ammary accompanied Plaintiff's minor and was again criticizing her for her socioeconomic status.

10. Unbeknownst to Defendant, Ammary, substantial portions of the incident were captured by a city video camera, and Plaintiff attached hereto a redacted portion of said video tape as Exhibit A:

A) 2:53:33sec to 2:53:48sec (15 secs): Plaintiff's minor is walking with two friends on Washington Street;

B) 2:55:28 to 2:55:58 (29 secs): – Plaintiff's minor is being choked by Defendant then tasered.

The Plaintiff's Exhibit A has redacted portions of the videotape because the camera did not catch the entire videotape on two separate cameras.

3

11.     Plaintiff's minor was taken to the hospital, by ambulance, when the probes were removed at the St. Luke's Hospital, Allentown Emergency Room.

## COUNT ONE
### Plaintiff v. Jason Ammary
### (Illegal Arrest)

12.     The allegations of Paragraphs 1 through 11 inclusive are incorporated herein as if fully set forth at length.

13.     Defendant testified that the purpose for grabbing and seizing the Plaintiff's minor was to file a summary offense against the pedestrian on the street.

14.     The seizure of Plaintiff's minor, from behind , for a purported summary offense was an unlawful arrest without probable cause and seizure of Plaintiff's issue.

15.     Plaintiff's issue suffered deprivation of her constitutional right to be free from arrest, without probable cause in violation of the Fourth and Fourteenth Amendment to the United States Constitution for which she seeks compensation.

16.     As a direct and proximate result of Defendant's intentional deprivation of Plaintiff's constitutional rights, Plaintiff suffered mental pain and suffering, anxiety, anguish, distress, stress, sleeplessess and humiliation in an amount to be determined.

17.     The actions of Defendant Ammary were outrageous, egregious, intentional, willful, wanton, reckless and in deliberate disregard of Plaintiff's rights entitling Plaintiff to punitive damage in an amount to be determined.

WHEREFORE, Plaintiff, demands judgment against Defendant, Ammary in an amount to be determined together with costs of suit and reasonable attorney fees.

## COUNT TWO
## Plaintiff v. Defendant, Jason Ammary
### (Retaliatory Filing of Charges)

18.    The allegations of Paragraphs 1 through 17 inclusive are incorporated herein as if fully set forth at length.

19.    After stopping and arresting the Plaintiff without probable cause, Defendant caused serious and permanent physical damage to Plaintiff by firing a taser at her.

20.    The Defendant, Ammary immediately realized the use of the taser was excessive on the facts of the case so he embellished the facts not realizing that he was on video tape.

21.    The Defendant attempted to cover up this abuse by filing unfounded and additional charges against Plaintiff's issue, other than the pedestrian on the street.

22.    Defendant, Ammary wrote a report claiming that there were hundreds of students blocking the street and vehicular traffic, but that claim was impeached by the videotape.

23.    Defendant, Ammary claimed that he had to aim at her pelvis because she was blocking her torso with a backpack, but that claim is impeached by the video tape.

24.    The filing of multiple charges, and in particular, Aggravated Assault and Reckless Endangering, was a cover-up because Defendant illegally tased Plaintiff's minor.

25.    The filing of charges without probable cause and in an attempt to cover up the illegal tasing of Plaintiff's minor, was a violation of the Fourth and Fourteenth Amendments to the United States Constitution.

26.    As a direct and proximate result of Defendant's intentional deprivation of Plaintiff's constitutional rights, Plaintiff suffered mental pain and suffering, anxiety, anguish, distress, stress, sleeplessness and humiliation in an amount to be determined.

27.     The actions of Defendant Ammary were outrageous, egregious, intentional, willful, wanton, reckless and in deliberate disregard of Plaintiff's rights entitling Plaintiff to punitive damage in an amount to be determined.

WHEREFORE, Plaintiff, Victoria Geist, demands judgment against Defendant, Jason Ammary, in an amount to be determined together with costs of suit and reasonable attorney fees.

## COUNT THREE
### (Plaintiff v. Defendant, Jason Ammary
### (Excessive Usage of Force)

28.     The allegations of Paragraphs 1 through 27 inclusive are incorporated herein as if fully set forth at length.

29.     Immediately after the stop, the Defendant, Ammary, physically abused Plaintiff as by chasing her and firing a taser into her groin area.

30.     The excessive usage of force directed against Plaintiff's person, and the shooting of a taser intentionally aiming at her groin, was a violation of the Fourth, Eighth, Fourteenth Amendments to the United States Constitution.

31.     Defendant testified that he intentionally fired at her groin area because Plaintiff had a backpack clenched at her chest so he aimed at her groin because her torso was protected by the backpack.

32.     The incident was captured on video tape (Exhibit A herein) and it is abundantly clear that Plaintiff's minor's torso was completely exposed with both hands raised in the air in submission to the officer.

33. As a direct and proximate result of the excessive usage of force by Defendant Ammary, Plaintiff suffered deprivation of her constitutional right to bodily integrity in violation of the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment to the United States Constitution for which she seeks compensation.

34. As a direct and proximate result of Defendant's intentional deprivation of Plaintiff's constitutional rights to be free from excessive usage of force and bodily integrity, Plaintiff suffered mental pain and suffering, anxiety, anguish, distress, stress, sleeplessness and humiliation in an amount to be determined.

35. The psychological injuries and scarring to Plaintiff are permanent for which Plaintiff claims damage.

36. The actions of Defendant Ammary were outrageous, egregious, intentional, willful, wanton, reckless and in deliberate disregard of Plaintiff's rights entitling Plaintiff to punitive damages in an amount to be determined.

WHEREFORE, Plaintiff demands judgment against Defendant, Ammary in an amount to be determined together with costs of suit and reasonable attorney fees.

## COUNT FOUR
### Plaintiff v. Defendant, City of Allentown
### (Failure to Control Rogue Officer)

37. The allegations of Paragraphs 1 through 36 inclusive are incorporated herein as if fully set forth at length.

38. At all relevant times the Defendant, City of Allentown, gave the Defendant, Ammary, a taser despite actual notice that Defendant, Ammary was not a candidate for using a taser because of his propensity to use excessive force against the public.

7

39.     At all times herein relevant Defendant, City of Allentown, intentionally, purposefully and knowingly had a policy, practice, regulation or custom of giving minimal training about the usage of the taser, especially on a non-violent female minor.

40.     At all times herein relevant, the policy of the Defendant, City of Allentown, practice, regulation or custom caused Plaintiff to be subjected to arrest and abuse by Defendant, Jason Ammary.

41.     The Defendant, City of Allentown, had actual notice prior to September 29, 2011, that Defendant, Ammary, was a rogue officer who could not be trusted.

42.     As a direct and proximate result of Defendant, City of Allentown's aforesaid policy, practice, regulation or custom and its police officers' actions in accordance therewith, Plaintiff's issue was subjected to constitutional deprivations of her right to be free from unlawful arrest, search and seizure and her rights to bodily integrity, bodily security and liberty as set forth above, in an amount to be determined.

43.     The Defendant, City of Allentown failed to use adequate training before issuing the taser to Defendant, Ammary.

44.     As a direct and proximate result of being arrested, Plaintiff's issue, suffered damages due to severe and permanent mental pain and suffering, anxiety, anguish, distress, stress, sleeplessness, humiliation and loss of reputation in an amount to be determined.

45.     As a result of the incident, Plaintiff's minor has scarring on her body where the two taser barbs were pushed deep into her body.

WHEREFORE, Plaintiff, demands judgment against Defendant, City of Allentown, in an amount to be determined together with costs of suit and reasonable attorney fees.

*THE ORLOSKI LAW FIRM*

_____
Richard J. Orloski
Attorney for Plaintiff
Attorney ID# 09857
111 N. Cedar Crest Blvd.
Allentown, PA 18104-4602
610 433-2363