IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Victoria Geist, | : | |
| | : | No. 5:11-cv-07532-LS |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Honorable Lawrence F. Stengel, J. |
| | : | |
| City of Allentown, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### Defendants' Motion to Compel Plaintiff's Production of Releases

*AND NOW* come Defendants, Officer Jason Ammary and the City of Allentown (hereinafter "Defendants"), by and through their undersigned counsel, and move this Honorable Court to compel Plaintiff to provide certain releases for records and to sign the Joint Petition for Release of Juvenile Records, and in support thereof aver as follows:

1. Plaintiff initiated this action on December 7, 2011, alleging various constitutional claims arising out of the arrest of Keshana Wilson, a minor, on September 29, 2011.

2. Plaintiff's Complaint contains claims for:

   - False Arrest pursuant to 42 U.S.C. § 1983;
   - Retaliatory Charges pursuant to 42 U.S.C. § 1983;
   - Excessive Use of Force pursuant to 42 U.S.C. § 1983; and
   - "Failure to Control Rogue Officer" (*Monell* claim) pursuant to 42 U.S.C. § 1983.

3. Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) currently is pending before the Court.

4.      On February 17, 2012, counsel for Defendants sent Plaintiff's counsel a letter requesting that Plaintiffs preserve all electronically-stored information in the above matter, specifically the Facebook account of Plaintiff's minor, Keshana Wilson. (February 17, 2012, letter, attached hereto as Exhibit "A").

5.      With that letter, Defendants' counsel sent copies of a release for Ms. Wilson's Facebook account in order to comply with the Electronic Communications privacy Act, 18 U.S.C § 2701, *et seq.*

6.      Also on February 17, 2012, Defendants' counsel sent to Plaintiff's counsel Defendants' First Request for Production of Documents.

7.      Attached to the Request for Production of Documents were HIPAA-compliant releases for Ms. Wilson's medical records, and releases for Ms. Wilson's educational records in order to comply with the Family and Educational Rights and Privacy Act of 1974. (HIPAA and FERPA Releases, attached hereto as Exhibit "B").

8.      On February 17, 2012, Defendants' counsel emailed to Plaintiff's counsel a draft Joint Petition for the Release of Ms. Wilson's juvenile records.

9.      On February 24, 2012, the Court held a telephonic Rule 16 Conference.

10.     During that Conference, the Court stayed first-party discovery, but ordered that Plaintiff provide the above releases in order that third-party discovery continue while Defendants' Motion to Dismiss was pending.

11.     The Court limited Defendants' access to Ms. Wilson's Facebook account to the six (6) month period prior to the September 29, 2011, arrest.

12.     On March 5, 2012, defendants' counsel emailed Plaintiff's counsel to inquire as to the status of the above-referenced releases. (March 5, 2012, Email, attached hereto as Exhibit "C").

13. On March 5, 2012, Plaintiff's counsel sent a letter to Defendants' counsel attaching modified HIPAA and FERPA releases. Plaintiff's counsel had inserted a provision requiring that Defendants pay all costs for Plaintiff to receive copies of the records. (March 5, 2012, Letter, attached hereto as Exhibit "D").

14. That letter also enclosed a revised copy of the Petition for Release of Juvenile Records, requiring that all records, *except* the transcript of the Juvenile adjudication hearing, be subject to the Court's Confidentiality Order.

15. That letter did not include a signed copy of the Facebook release.

16. On March 6, 2012, Defendants' counsel wrote to Plaintiff's counsel, acknowledging that Plaintiff was entitled to copies of the requested documents, but that Plaintiff must be responsible for payment of her own costs of litigation. (March 6, 2012, Letter, attached hereto as Exhibit "E").

17. That letter included revised HIPAA and FERPA releases, along with a revised version of the Joint Petition for Release of Juvenile Records requiring that all records produced be subject to the Court's Confidentiality Order.

18. The letter also indicated that, pursuant to the Court's instruction, Defendants would limit the scope of any subpoena to Facebook to the relevant time period.

19. On March 13, 2012, after having received no response from Plaintiff's counsel, Defendants' counsel sent another letter requesting the signed releases and Joint Petition.

20. On March 14, 2012, Plaintiff's counsel sent Defendants' counsel a letter claiming that he had sent the HIPAA and FERPA releases already and refusing to provide the Facebook release. (March 14, 2012, Letter, attached hereto as Exhibit "F").

21. On or about March 20, 2012, Defendants' counsel also spoke to Plaintiff's counsel by telephone, requested that Plaintiff's counsel provide the signed releases, and explained that the Facebook release would be accompanied by a subpoena that limited the temporal scope to that approved by the Court.

22. On March 20, 2012, Defendants' counsel wrote to Plaintiff's counsel again requesting the releases ordered by the Court. (March 20, 2012, letter, attached hereto as Exhibit "G").

23. In that letter, Defendants' counsel also provided a copy of the appendix to the subpoena to be served on Facebook, limiting the temporal scope to that approved by the Court.

24. Despite all of these attempts, Plaintiff has not provided the requested releases and has not signed the Joint Petition for Release of Juvenile Records.

25. All of the foregoing was ordered by the Court during the February 24, 2012, Rule 16 Conference.

26. Defendants have made every attempt to obtain these releases without resorting to motions practice, but Plaintiff's counsel has refused to cooperate and has engaged in repeated delay tactics.

27. As Plaintiff has simply refused to provide the responses ordered by the Court and requested in a routine Request for Production of Documents, no accompanying memorandum of law is required. *See* Eastern District Local Civil Rule 26.1(g).

28. Pursuant to Eastern District Local Civil Rule 26.1(g), the Court is not required to await a response from Plaintiff before ruling on Defendants' Motion.

**WHEREFORE**, Defendants respectfully request that this Honorable Court grant this Motion to Dismiss and enter an Order dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

**DEASEY, MAHONEY, VALENTINI & NORTH, LTD.**

By: *(signature)*

John P. Morgenstern, Esquire
Pennsylvania Attorney Identification No. 80014
Rufus A. Jennings, Esquire
Pennsylvania Attorney Identification No. 93030
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone:      (215) 587-9400
Fax:        (215) 587-9456
Email:      jpmorgenstern@dmvnlaw.com
            rajennings@dmvnlaw.com

Attorneys for Defendants

Date: 4/3/12

**Certificate of Service**

I, Rufus A. Jennings, hereby certify that on the date set forth below I did cause a true and correct copy of Defendant's Motion to Compel Plaintiff's Production of Releases to be filed with the Court's ECF/PACER electronic filing system, where it was available for immediate download and viewing by the following individual:

Richard J. Orloski, Esquire
**THE ORLOSKI LAW FIRM**
111 North Cedar Crest Boulevard
Allentown, PA 18104

Rufus A. Jennings, Esquire

Date: 4/3/12