IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| VICTORIA GEIST, Mother and Natural Guardian of Keshana Wilson, A Minor, <br> Plaintiff, <br> v. <br><br> JASON AMMARY and CITY OF ALLENTOWN, <br> Defendants. | CIVIL ACTION <br><br> No. 11-7532 |

## ORDER

**AND NOW**, this  21st  day of June, 2012, upon consideration of Defendants' Motion to Compel Plaintiff's Production of Releases (Dkt. No. 23) filed on April 3, 2012;[1] Plaintiff's Answer (Dkt. No. 25) filed on April 11, 2012; Plaintiff's Brief in Opposition to Defendants' Motion to Compel (Dkt. No. 26) filed on April 13, 2012; and Defendants' Brief in Opposition to Plaintiff's Cross Motion to Compel in Camera Inspection of Facebook Records and to Compel Revision of Releases (Dkt. No. 33) filed on June 14, 2012,[2]

**IT IS ORDERED** that the Defendants' Motion to Compel is **GRANTED** in part and **DENIED** in part as follows: (1) Plaintiff shall execute the Releases provided by Defendants' counsel on March 6, 2012, except the March 6, 2012 Releases for Facebook records ("Facebook Releases"); (2) Plaintiffs are not required to execute the Facebook Releases sent by Defendants'

---

[1] Defendants' Motion to Compel Plaintiff's Production of Releases (Dkt. No. 23) and Plaintiff's Response thereto (Dkt. Nos. 25, 26) were referred by the Honorable Lawrence F. Stengel, U.S.D.J., on June 6, 2012, for resolution by the undersigned.

[2] The Court considers Plaintiff's Answer and Brief a cross-Motion to Compel because Plaintiff seeks revision of the Releases for medical, educational and juvenile detention records prepared by Defendants to include a provision that "all expenses to be paid" by Defendants' counsel, i.e., Defendants' counsel shall obtain two copies of records from third-parties, shall pay for those two copies and shall bill Plaintiff's counsel for one of those copies. In addition, Plaintiff seeks an *in camera* inspection of Facebook records by the Court for relevancy prior to defense counsel's review of those records.

counsel to Plaintiff's counsel on February 17, 2012 due to the incorrect time period listed in the Releases, specifically March 29, 2011 to September 29, 2011; (3) Defendants' counsel shall, on or before June 29, 2012, revise the March 6, 2012 Facebook Releases to include the time period from March 29, 2011 through the present and shall forward those revised Facebook Releases to Plaintiff's counsel;[3] (4) Plaintiff shall execute the Facebook Releases to be produced on or before June 29, 2012, and return them to Defendants' counsel on or before July 6, 2012.

**IT IS ORDERED** that Defendants shall limit the Facebook subpoena regarding Ms. Geist's Facebook account to the time period from March 29, 2011 through the present.[4]

**IT IS ORDERED** that the Plaintiff's cross-Motion to compel payment by Defendants of Plaintiff's expenses for copies of all documents produced by third-parties regarding Plaintiff's Facebook records and Keshana Wilson's medical, educational, juvenile detention and Facebook records is **DENIED**.[5]

---

[3] In Defendants' Motion, counsel represents that Judge Stengel, during a Rule 16 Scheduling conference held on February 24, 2012, limited access to Plaintiff's Facebook account from six (6) months prior to her arrest on September 29, 2011 to the date of her arrest. Plaintiff responded to the Motion, arguing that Judge Stengel stated during the conference that he would review Plaintiff's Facebook postings from six (6) months prior to her arrest on September 29, 2011 to the present time. Judge Stengel's law clerk verbally confirmed on June 8, 2012 that Plaintiff's contention is correct.

[4] Defendants' counsel stated in the Motion to Compel that the appendix to the subpoena to be served on Facebook showed that it was limited to the time period from March 29, 2011 through September 29, 2011, and was provided as Exhibit G of the Motion. The Appendix to the Subpoena is not present in Exhibit G filed electronically with the Court, but "Addendum A" was included at Exhibit H to Defendants' Brief in Opposition. "Addendum A" seeks "[a] complete copy of any and all documents, including electronic files, constituting the Facebook account for Keshana Wilson from March 29, 2011, to the present. This request includes wall postings, messages, pictures, videos, friend requests, and any other activity on the above account." It appears, therefore that the Facebook subpoena with respect to Keshana Wilson's account is accurate.

[5] Plaintiff cites no support for the contention that "the defense firm should pay for the dual sets, also a local and customary practice." Pl.'s Br., p. 3. Defendants note that once Plaintiff executes the subject releases, they will be provided to MCS, a record retrieval service. Once the third-party records are produced to MCS, they will be available to all parties for download from MCS. Plaintiff's counsel and Defendants' counsel will have equal access to download these documents after respectively paying MCS for the download costs for these records. See Defs.' Br., p. 7.

**IT IS FURTHER ORDERED** that Plaintiff's cross-Motion to compel *in camera* review of the Facebook accounts of Ms. Geist and Miss Wilson is **DENIED**.[6]

**IT IS ORDERED** that Plaintiff shall execute and return to Defendants' counsel on or before July 6, 2012, the Joint Petition for Release of Juvenile Records provided by Defendants' counsel on March 6, 2012, which requires that all records produced are subject to the Court's Confidentiality Order.

**IT IS FURTHER ORDERED** that Defendants' Motion for Entry of Sanctions against Ms. Geist for spoliation is **DENIED** without prejudice for Defendants to bring this issue before Judge Stengel, as the relief requested is partially or wholly case dispositive.

BY THE COURT:

*/s/ Henry S. Perkin*
HENRY S. PERKIN,
United States Magistrate Judge

---

[6] Plaintiff argues that this Court should review all records in Plaintiff's Facebook account *in camera* for relevance, citing a case from the Southern District of Indiana in support of this argument. See Pl.'s Br., pp. 3-5. Defendants respond that *in camera* review is not necessary because Judge Stengel determined that the records are relevant, imposed a temporal limitation on retrieval of the information, and ordered Plaintiff's counsel to cooperate in obtaining a release of Plaintiff's Facebook records. See Defs.' Br. in Opp'n., pp. 5-7. Because the information contained in Plaintiff's and Ms. Wilson's Facebook accounts is not privileged, this Court will not conduct an *in camera* review of those accounts.

3